DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Darrin Pordash, appeals from the judgment of the Lorain County Court of Common Pleas finding him guilty of three counts of rape in violation of R.C. 2907.02(A)(2) and three counts of sexual battery in violation of R.C. 2907.03(A)(1). This Court affirms.
 I. {¶ 2} Appellant was a chiropractor who operated an office in Sheffield Village. Appellant's convictions each stem from conduct that occurred in his chiropractic office over a three-month span in 2002. Three individuals came forward alleging that Appellant had improperly touched them. The victims, E.L., J.B., and L.R., each came forward with substantially the same factual allegations.
 {¶ 3} E.L. described her incident as occurring on her third visit to Appellant's office. Appellant manipulated her back, and then proceeded to rub her buttocks. According to E.L., Appellant then began to rub her vagina outside her clothing, and then inserted his hand into her underwear and began to rub her vagina. Finally, Appellant penetrated her vagina with his finger. E.L. testified that she did not feel as though she was being held down, but that Appellant's other hand was on her back throughout the encounter. E.L. told co-workers of the event later that day, but she did not report it to the police for more than a month.
 {¶ 4} J.B. met Appellant at her workplace, a strip club, in May of 2002. J.B.'s version of events is as follows. While Appellant manipulated her back, he touched her vagina through her clothing. When J.B. pressed her body down on to the table, Appellant removed his hand. Subsequently, Appellant began to massage her back and then inserted his finger in her vagina. J.B. contacted a lawyer regarding the incident and was informed that she should contact the police. She did so, and subsequently agreed to arrange a lunch meeting with Appellant at which she would record their conversation.
 {¶ 5} Finally, L.R. testified that she sought treatment from Appellant for pain she was experiencing from a ligament on the inside of her right leg. In the course of rubbing her ligament, Appellant moved his hand towards L.R.'s vagina, moved her panties aside, and penetrated her vagina with his finger. L.R. testified that she immediately grabbed his arm, pushed him away, and left the office. L.R. then went to the police to report the incident.
 {¶ 6} At trial, Appellant conceded that each encounter had occurred. However, his testimony alleged that each victim consented to the sexual activity. At the close of the State's case, Appellant made his motion for acquittal claiming that the State had failed to prove the element of force required for his convictions. His motion was denied, and he subsequently renewed the motion at the close of his defense. Once again, the trial court found that sufficient evidence of force had been presented and sent the case to the jury. The jury returned guilty verdicts on the six counts in the indictment, and Appellant was sentenced to nine years incarceration on each rape charge, the sentences to be served concurrently. The trial court found the sexual battery convictions to be allied offenses and accordingly imposed no sentence for them. In addition, Appellant was adjudicated a sexual predator. Appellant timely appealed his convictions and adjudication as a sexual predator, raising five assignments of error.
 II. ASSIGNMENT OF ERROR I
"Appellant was denied due process and the liberties secured by Ohio Const. art. I, §§ 1, 2, 10 and 16 when he was convicted of the offenses of rape and sexual battery upon insufficient evidence."
 ASSIGNMENT OF ERROR II
"Appellant was denied due process and liberties under Ohio Const. art. I, §§ 1, 2, 10 and 16 because his convictions for rape and sexual battery are against the manifest weight of the evidence."
 {¶ 7} In his first two assignments of error, Appellant avers that the State produced insufficient evidence to warrant his convictions and that his convictions are against the manifest weight of the evidence. This Court disagrees.
 {¶ 8} Sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. As to sufficiency, Crim.R. 29(A) states that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." However, if the record demonstrates that reasonable minds may reach differing conclusions as to the proof of material elements of a crime, a trial court may not grant a Crim.R. 29(A) motion for acquittal. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 7, citing State v. Wolfe (1988),51 Ohio App.3d 215, 216. "In essence, sufficiency is a test of adequacy."Smith at ¶ 7, quoting Thompkins, 78 Ohio St.3d at 386.
 {¶ 9} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v.Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citingThompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant maintains that his conviction is against the manifest weight of the evidence:
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This power is to be invoked only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of a defendant. Id. Further,
"[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
Therefore, this Court will address Appellant's second assignment of error first as it is dispositive of Appellant's claim of insufficiency.
 {¶ 10} Appellant was convicted of rape in violation of R.C.2907.02(A)(2) which provides:
"No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
Additionally, force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1).
 {¶ 11} Appellant contends that no evidence of force was presented at trial. As such, he avers that the jury must have inappropriately inferred the element of force from the fact that the incidents involved a doctor-patient relationship. This Court disagrees.
 {¶ 12} "As long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established." State v. Eskridge (1988),38 Ohio St.3d 56,59, citingState v. Martin (1946), 77 Ohio App. 553. In the instant case, each victim described in detail the intense fear they experienced during their encounters with Appellant at his office. While Appellant is correct that the doctor-patient relationship does not create an inference of force, that is not to say that it is entirely irrelevant. The relationship of the parties is a relevant fact when examining whether the element of force has been proven. Eskridge, 38 Ohio St.3d at 58. Appellant was a chiropractor, specializing in treatment of the spine. At the time of each rape, he was, just prior to committing the sexual act, acting in his capacity as each victim's treating physician. Further, each victim knew of Appellant's extensive background in martial arts. As such, each victim testified that they feared that any resistance would lead to serious bodily harm. Accordingly, we cannot say that the jury lost its way in finding that the victims' wills had been overcome by fear, establishing the element of force.
 {¶ 13} Additionally, Appellant was convicted of three counts of sexual battery in violation of R.C. 2907.03(A)(1) which provides:
"No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
"(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."
Appellant challenges these convictions on the same grounds, i.e., the State failed to prove the element of force necessary to demonstrate coercion. As discussed above, the jury did not lose its way in finding that the State proved the element of force beyond a reasonable doubt.
 {¶ 14} Accordingly, Appellant's challenge to the weight of the evidence is overruled. Having disposed of Appellant's challenge to the weight of the evidence, this Court similarly disposes of his challenge to the sufficiency of the evidence.Roberts, 9th Dist. No. 96CA006462. Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III
"Appellant was denied the effective assistance of counsel [guaranteed by] U.S. Const. Amend. VI and XIV and Ohio Const., Art. I §§ 1, 2, 10, and 16."
 {¶ 15} In his third assignment of error, Appellant avers that he was denied effective assistance of counsel because his trial counsel did not effectively conduct voir dire, stipulated to State's exhibits, and failed to request proper jury instructions. Appellant's third assignment of error lacks merit.
 {¶ 16} In evaluating an ineffective assistance of counsel claim, this Court employs a two step process as described inStrickland v. Washington (1984), 466 U.S. 668, 687. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client."State v. Bradley (1989), 42 Ohio St.3d 136, 141; State v.Lytle (1976), 48 Ohio St.2d 391, 396. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, 42 Ohio St.3d at 141-142, citingLytle, 48 Ohio St.2d at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Bradley,
42 Ohio St.3d at paragraph three of the syllabus. Defendant bears the burden of proof, and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶¶ 48-49, quoting Strickland,466 U.S. at 687.
 {¶ 17} Initially, it is doubtful that Appellant has demonstrated error by his trial counsel. However, assuming arguendo that Appellant has demonstrated error, he still fails the prejudice prong set forth in Strickland. Strickland,466 U.S. at 687. With respect to alleged errors in conducting voir dire, Appellant has not asserted that a biased jury resulted from his counsel's alleged ineffective line of questioning. Further, with respect to stipulating to a State's exhibit, the record reflects no prejudice. At trial, the State played an audio tape made of a meeting between Appellant and one of the victims. Both the State and the defense created transcripts of the tape because the audio quality was poor. Both transcripts were provided to the jury during deliberation. Finally, Appellant has failed to demonstrate prejudice with respect to the alleged error of his counsel to request a specific response to the jury's question regarding compulsion. However, the trial court properly instructed the jury that compulsion should be read in context and construed according to common usage. As such, Appellant cannot demonstrate a reasonable probability that the outcome of trial would have been different but for counsel's errors. Accordingly, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV
"The trial court erred when it permitted improper and extraneous bolstering by the state."
 {¶ 18} In his fourth assignment of error, Appellant alleges that the trial court erred when it permitted Becky Joyce and Richard Brown to testify what E.L. related to them the day of the incident. This Court disagrees.
 {¶ 19} The admission of evidence is within the sound discretion of the trial court. State v. Ditzler (Mar. 28, 2001), 9th Dist. No. 00CA007604, at 4. Therefore, unless the trial court has abused its discretion and the Appellant has been materially prejudiced thereby, this Court will not interfere. Id. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Evid.R. 801(D)(1) provides in pertinent part as follows:
"A statement is not hearsay if:
"* * * The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * consistent with [her] testimony and is offered to rebut an express or implied charge against [her] of recent fabrication[.]"
Courts have reasoned that:
"What the rule permits is the rehabilitation of a witness whose credibility has been attacked by means of a charge that [she] recently fabricated [her] story * * * by admitting into evidence a consistent statement made by the witness prior to the time of the suggested invention[.]" State v. Allen (Feb. 7, 1996), 9th Dist. No. 94CA005944, quoting Motorist Mut. Ins. Co. v. Vance
(1985), 21 Ohio App.3d 205, 207.
 {¶ 20} During the cross-examination of E.L., Appellant's trial counsel questioned E.L. in an attempt to demonstrate that she claimed Appellant had penetrated her vagina only after receiving the definition of rape from the police. As such, the State was permitted to introduce testimony that prior to speaking to the police that E.L. had stated that Appellant had penetrated her. Joyce provided testimony on that precise topic. As such, the trial court did not err in admitting her testimony. With respect to Brown, the only evidence that the trial court may have erred in admitting was his testimony that E.L. stated that the encounter was nonconsensual. However, the thrust of Brown's testimony was that he advised E.L. to go to the police if she felt it was in her best interest. As such, this Court cannot say that the trial court acted in an unconscionable manner in admitting the testimony of Joyce and Brown. Accordingly, Appellant's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR V
"The trial court erred in classifying appellant as a sexual predator."
 {¶ 21} In his final assignment of error, Appellant avers that the trial court erred in classifying him as a sexual predator. This Court disagrees.
 {¶ 22} Sexual predator classification is governed by R.C.2950.01 et seq. R.C. 2950.01(E) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 23} In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 24} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before a defendant is adjudicated a sexual predator.State v. Smith (June 2, 1999), 9th Dist. No. 18622. Consistently, this Court in sexual predator adjudications has required only proof, new or previously known, by clear and convincing evidence that a sexual offender is likely to commit another sexually oriented offense. See State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203.
 {¶ 25} The appropriate standard of review in examining the record in a sexual predator adjudication is the clearly erroneous standard. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. An appellate court will not reverse the trial court's determination if it is supported by some competent, credible evidence. Id.
 {¶ 26} In its findings, the trial court indicated the fact that Appellant's convictions involved three different victims. The Court further found that Appellant continued to deny responsibility for his actions. Further, the Court found that although Appellant used his position as a chiropractor to commit these offenses, it did not follow that he would not reoffend in the future simply because he is no longer a chiropractor. As such, the trial court had before it competent, credible evidence that clearly and convincingly demonstrated that Appellant was likely to reoffend. As such, Appellant was properly classified a sexual predator. Accordingly, Appellant's fifth assignment of error is overruled.
 III. {¶ 27} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.