DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Darrin Alan Pordash, appeals the judgment of the Lorain County Court of Common Pleas denying his petition for post-conviction relief. We affirm the decision of the trial court.
 {¶ 2} On December 10, 2002, Defendant was indicted by the Lorain County Grand Jury on three counts of rape, in violation of R.C. 2907.02(A)(2), first degree felonies, and three counts of sexual battery, in violation of R.C. 2907.03(A)(1), third degree felonies. On December 19, 2002, Defendant entered a plea of not guilty. A jury trial was held from February 17 to February 20, 2004. The jury returned a guilty verdict on all six counts of the indictment.
 {¶ 3} On March 19, 2004, Defendant was sentenced to a term of nine years incarceration on each of the first three counts. No sentences were imposed on counts four, five, and six, as they were found to be allied offenses to the first three counts. The court ordered the sentences to be served concurrently for a total prison time of nine years. On March 24, 2004, Defendant was adjudicated a sexual predator.
 {¶ 4} Defendant appealed his conviction and sentence on April 16, 2004. This Court affirmed Defendant's conviction and sentence in State v. Pordash, 9th Dist. No. 04CA008480, 2004-Ohio-6081. On November 22, 2004, Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court denied Defendant's petition on February 9, 2005. Appellant now appeals the trial court's decision denying his petition for post-conviction relief, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in failing to set fourth detailed and specific findings of fact and conclusions of law [when it dismissed Defendant's petition for post-conviction relief]."
 {¶ 5} In his first assignment of error, Defendant maintains that the trial court erred in failing to set out detailed findings of fact and conclusions of law when it dismissed his petition for post-conviction relief. We disagree.
 {¶ 6} Pursuant to R.C. 2953.21, if a trial court dismisses a petition for post-conviction relief without a hearing, it has to provide findings of fact and conclusions of law as to why the petition was dismissed. See State v. Lester (1975),41 Ohio St.2d 51, paragraph two of the syllabus. The trial court does not need to specifically label the findings of fact and conclusions of law as such in its journal entry, so long as the purpose is served of informing the petitioner of the grounds for denial.State v. Farley, 10th Dist. No. 03AP-555, 2004-Ohio-1781, at ¶ 16.
 {¶ 7} In the case at hand, the trial judge included the following commentary in its journal entry denying Defendant's petition for post-conviction relief:
"(1) Defendant's claims were either addressed on direct appeal by new counsel, or could have been. As such, said claims are barred as res judicata. (2) Defendant has failed to support his motion with competent evidence sufficient to demonstrate ineffectiveness of his trial attorney or that the defense was prejudiced by it. Failure by trial counsel to present alleged evidence challenging the credibility of one of the three victims falls within trial tactics. Furthermore, said alleged credibility evidence fails to demonstrate that the results of the proceedings would have been different or that the [D]efendant was prejudiced." (Citations omitted).
 {¶ 8} The purpose of requiring the trial court to include findings of fact and conclusions of law in its judgment entry is to sufficiently apprise both the petitioner and the potential appellate court of the grounds for its decision. State v.Foster (Sept. 24, 1997), 9th Dist. No. 18169, at 6, citingState ex. rel. Carrion v. Harris (1988), 40 Ohio St.3d 19. While the above was not specifically titled "findings of fact and conclusions of law," we find that the trial court did provide enough information to apprise Defendant of the reasons it was denying his petition for post-conviction relief. As such, we overrule Defendant's first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying the petition for post-conviction relief without a hearing, thus depriving [Defendant] of liberties secured by U.S. Const., Amend. XIV and Ohio Const., Art. I §§ 1, 2, 10, and 16, including due process of law and meaningful access to the courts of this state."
 {¶ 9} In his second assignment of error, Defendant claims that in denying his petition for post-conviction relief without a hearing, the trial court deprived him of his constitutional liberties. We disagree.
 {¶ 10} A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), 9th Dist. No. 19392, at 3. R.C. 2953.21(C) provides that: "[b]efore granting a hearing on a petition [for post conviction relief] the court shall determine whether there are substantive grounds for relief." Thus, if after reviewing the evidence and the record, the court does not find substantive grounds for relief, it may dismiss the petition without a hearing. State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court concluded that Defendant did not have any substantive grounds for relief and dismissed Defendant's petition. We affirm the decision of the trial court.
 {¶ 11} An appellate court reviews a trial court's denial of a petition for post-conviction relief without a hearing under an abuse of discretion standard. State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 12, citing State v. Watson (1998),126 Ohio App.3d 316, 324. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 12} Defendant is entitled to post-conviction relief if "there was such a denial or infringement of [his rights] as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." State v. Perry (1967),10 Ohio St.2d 175, paragraph four of the syllabus. However,
"[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." Id., at paragraph nine of the syllabus.
 {¶ 13} Thus, the doctrine of res judicata bars Defendant from raising issues in his petition for post-conviction relief that were, or could have been, raised on direct appeal. Perry,10 Ohio St.2d at 182. The only way for Defendant's petition to survive res judicata would be the introduction of new, competent, relevant and material evidence outside the record. State v.Lawson (1995), 103 Ohio App.3d 307, 315. Defendant also must "show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik
(Mar. 8, 2000), 9th Dist. No. 98CA007279, at 3.
 {¶ 14} Defendant raised ineffective assistance of counsel in his direct appeal, and again raised it in his petition for post-conviction relief. Defendant specified that he was denied effective assistance for three reasons: (1) his trial counsel failed to conduct a proper vior dire examination of the jury panel, (2) his trial counsel failed to present certain impeachment testimony, and (3) his trial counsel was ineffective by opening the door to prosecutorial misconduct during trial.
 {¶ 15} We find that Defendant's first and third arguments in support of his claim of ineffective assistance of counsel are barred by res judicata. Defendant's claims that his trial attorney was ineffective in his voir dire examination and in opening the door to prosecutorial misconduct could have been raised in his direct appeal. Further, the above issues could have been fairly determined without resort to any evidence outside the record. Defendant's exhibits pertaining to his first and third claims do not contain any evidence or information that was unavailable in the original record. Thus, the doctrine of res judicata bars further consideration.
 {¶ 16} In his second claim in support of his argument that his trial counsel was ineffective, Defendant maintains that his trial counsel failed to introduce impeachment evidence that could have called into question the credibility of one Defendant's three victims.
 {¶ 17} This Court employs a two-step process in determining whether a defendant's right to effective assistance of counsel has been violated. Strickland v. Washington (1984),466 U.S. 668, 687, 80 L.Ed.2d 674. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Calhoun (1999), 86 Ohio St.3d 279, 289. To find such a violation of duties "requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id.
 {¶ 18} Second, the defendant must show that the deficient performance of counsel prejudiced the defense. State v. Bradley
(1989) 42 Ohio St.3d 136, paragraph two of the syllabus. Prejudice exists where there is a reasonable probability that the outcome of the trial would have been different but for the alleged deficiencies of counsel. Id., at paragraph three of the syllabus. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.
 {¶ 19} We find that Defendant has failed to show that he was actually prejudiced by defense counsel's actions. While Defendant claims that his counsel was ineffective for failing to present certain evidence that may have called into question the credibility of one of the three victims involved, he did not show how the result of his trial would have been different had the evidence been introduced. Three victims were involved in Defendant's trial. The jury found Defendant guilty of three counts of rape and three counts of sexual battery based on ample evidence and testimony introduced at trial. Defendant cannot show that the final outcome of his trial would have been different if the character of one of the victims had been subject to a possible attack. Further, we note that it is not our position to speculate on what a witness' testimony would have included or what the extent of the testimony might have shown. State v.Hodge (Jan. 3, 2001), 9th Dist. No. 3072-M, at 9.
 {¶ 20} "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (Jul. 30, 1997), 9th Dist. No. 18215, at 4. "[D]efendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. Louisiana (1955), 350 U.S. 91, 101,100 L.Ed. 83. Debatable trial strategies do not constitute ineffective assistance of counsel. State v. Gales (Nov. 22, 2000), 9th Dist. No. 00CA007541, at 17.
 {¶ 21} While Defendant may believe that his trial counsel erred in failing to introduce certain testimony, he has failed to overcome the presumption that his attorney's tactics were part of a sound trial strategy. We previously stated that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Ambrosio, 9th Dist. No. 03CA008387, 2004-Ohio-5552, at ¶ 10. (Citations omitted). In light of the above, we find that the trial court did not abuse its discretion in denying Defendant's ineffective assistance of counsel claim.
 {¶ 22} Since Defendant has not shown substantive grounds for relief on his ineffective assistance of counsel claim, the trial court was not required to conduct a hearing. State v. Jackson
(1980), 64 Ohio St.2d 107, 110. Accordingly, we cannot say that the trial court abused its discretion in denying Defendant's petition for post-conviction relief without a hearing. Defendant's assignments of error are overruled.
 {¶ 23} We overrule Defendant's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Moore, J. concur