DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert A. Nesbit, appeals his conviction out of the Wayne County Municipal Court. This Court affirms.
 I. {¶ 2} On November 29, 2004, appellant was cited for violating hunting laws, specifically, for failure to attach a temporary tag to the deer he shot during deer hunting season, in violation of R.C. 1531.02 and OAC 1501:31-15-11(O), a misdemeanor of the third degree. The matter proceeded to trial before a jury on February 9, 2005. At the conclusion of trial, the jury found appellant guilty. The trial court sentenced appellant accordingly, ordering the imposition of a fine, costs, restitution, and suspending appellant's hunting license for three years. Appellant timely appeals, setting forth one assignment of error for review.
 ASSIGNMENT OF ERROR
"APPELLANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY TRIAL COUNSEL'S FAILURE TO ADEQUATELY SAFEGUARD APPELLANT'S INTEREST."
 {¶ 3} Appellant argues that trial counsel was ineffective for failing to allow appellant and his hunting partner to testify at trial. In addition, appellant argues that trial counsel was ineffective in his cross-examination of the State's only witness. This Court disagrees.
 {¶ 4} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 5} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 6} This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland,466 U.S. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 7} Appellant first argues that trial counsel's refusal to allow either appellant or his friend to testify constituted the ineffective assistance of counsel. This Court disagrees.
 {¶ 8} As an initial matter, this Court notes that there is nothing in the record to indicate that appellant requested that either he or his friend be permitted to testify at trial.
 {¶ 9} "The advice provided by a criminal defense lawyer to his or her client regarding the decision to testify is `a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.'" State v.Essinger, 3d Dist. No. 5-03-15, 2003-Ohio-6000, at ¶ 41, quotingState v. Winchester, 8th Dist. No. 79739, 2002-Ohio-2130, at ¶ 12. Moreover, this Court has repeatedly held that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Pordash, 9th Dist. No. 05CA008673, 2005-Ohio-4252, at ¶ 21, quoting State v.Ambrosio, 9th Dist. No. 03CA008387, 2004-Ohio-5552, at ¶ 10. Further, tactical decisions by trial counsel cannot form the basis for a claim of ineffective assistance of counsel. See e.g.,State v. Bradford, 9th Dist. No. 22441, 2005-Ohio-5804, at ¶ 27; State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. In this case, this Court finds that trial counsel's failure to present the testimony of either appellant or his friend constitutes trial tactics.
 {¶ 10} Further, appellant has failed to demonstrate that trial counsel's failure to present such testimony was not sound trial strategy. The citation in this case alleged that appellant failed to immediately tag the deer he had shot while hunting. Appellant concedes in his brief that he killed the deer at 11:30 a.m., but that he failed to attempt to tag the deer for an entire hour. Under the circumstances, appellant has failed to demonstrate how testimony that appellant delayed in tagging his deer for an hour might have impacted upon his conviction for failing to immediately tag the deer he had killed. Accordingly, this Court finds no error by trial counsel's failure to present such testimony.
 {¶ 11} Appellant next argues that trial counsel was ineffective in his cross-examination of the State's sole witness. This Court disagrees.
 {¶ 12} This Court has stated that "trial counsel's decision to cross-examine a witness and the extent of such cross-examination are tactical matters." State v. Diaz, 9th Dist. No. 04CA008573, 2005-Ohio-3108, at ¶ 26, citing State v.Flors (1987), 38 Ohio App.3d 133, 139. "As such, decisions regarding cross-examination are within trial counsel's discretion, and cannot form the basis for a claim of ineffective assistance of counsel." Id. Accordingly, this Court finds that appellant has failed to substantiate any claim for ineffective assistance of counsel. Appellant's assignment of error is overruled.
 III. {¶ 13} Appellant's assignment of error is overruled. Appellant's conviction out of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J. Boyle, J. concur.