File Name: 10a0427n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-4141

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DARRIN PORDASH,

     Petitioner

v.

STEWART HUDSON, Warden,

     Respondent

_____ /

**FILED**
**Jul 13, 2010**
LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

Before:     MARTIN, RYAN, and KETHLEDGE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Darrin Pordash appeals the United States District Court for the Northern District of Ohio's denial of habeas relief. Pordash contends that the Ninth Appellate District Court of Ohio applied a lowered force standard in upholding his rape and sexual battery conviction in regards to his patient, J.B., and, thus, that his due process rights were violated. Viewing the evidence in a light most favorable to the prosecution, a rationale trier of fact could have found that the force element of rape was adequately demonstrated beyond a reasonable doubt and that no constitutional violation occurred. Thus, we affirm the district court's denial of habeas relief.

I.[1]

Darrin Pordash was a chiropractor in Sheffield Village, Ohio. During a three-month span in 2002, Pordash allegedly raped and sexually battered three different female patients, E.L, J.B., and L.R., in a similar manner. The three women, whose stories were essentially the same, reported him without knowledge of the other womens' assault charges.

J.B., in particular, testified that, while Pordash was massaging and making adjustments to her back, he massaged her lower back, her buttocks, and rubbed her vagina through her clothing. She testified that she was confused by this action and didn't respond. Then, Pordash suddenly slipped his fingers down the waistband of her pants and inserted his fingers into her vagina for a few seconds.

In each instance, the victim testified that, while Pordash was not holding her down at the time of the assault, his hand was on her back throughout the encounter, indicating dominance. Additionally, each woman testified that she was aware that Pordash had an extensive background in martial arts and that she feared that resisting him would lead to serious bodily harm.

At trial, Pordash admitted that the encounters occurred, but he alleged that the acts were consensual. He moved for acquittal at the close of the prosecution's case and again at the end of trial, claiming that the State had failed to prove the element of force required for his conviction. The trial court denied both his motions, finding that sufficient evidence had been presented, and it sent the case to the jury. On March 17, 2004, the jury found Pordash guilty on three counts of rape and

---

[1]Facts are drawn from the district court and state court opinions. *See Pordash v. Hudson*, No. 1:06CV836, 2007 WL 2229833, at *1 (N.D. Ohio July 31, 2007); *State v. Pordash*, No. 04CA008480, 2004 WL 2600461, at *1 (Ohio App. Ct. Nov. 17, 2004).

three counts of sexual battery. Pordash was sentenced to 108 months incarceration. The court found that the sexual battery convictions were allied offenses and imposed no additional sentence.

Pordash appealed to the Ninth Appellate District of Ohio, which affirmed his conviction and sentence. *Pordash,* 2004 WL 2600461, at *7. He then appealed to the Ohio Supreme Court, which declined to hear his appeal.

On April 7, 2006, Pordash petitioned for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. On December 19, a magistrate judge recommended that Pordash's petition be denied except for his fifth claim challenging the sufficiency of the evidence in regards to J.B. On July 31, 2007, the district judge denied Pordash's petition on all claims, agreeing with the magistrate for the most part, but finding that the magistrate had employed the wrong standard in determining the sufficiency of the force element of rape and that sufficient evidence existed to convict Pordash of J.B.'s rape and sexual battery.

Pordash timely appealed.

II.

In a sufficiency of evidence claim, we determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, and without reweighing the evidence or substituting our own judgment for that of the jury, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). Even if we determine that a rationale trier of fact could not have found the essential elements of the crime, we must defer to the state appellate court's contrary sufficiency determination so long as it is not unreasonable. *Id.*

Our review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Thus, short of a constitutional violation, we do not review the state court's application of state laws in finding that the state proved the element of force necessary to convict Pordash.

III.

Pordash claims that the prosecutor failed to establish the element of force at the trial and that the reviewing Ohio appellate court improperly invoked a definition of force that applies to sexual offenses against minors rather than adults in upholding the trial court's finding. He further claims that the state's failure to properly apply its own laws in upholding the conviction is a violation of his constitutional due process right.

Under Ohio law, it is illegal for a person to "engage in sexual conduct with another when the offended purposely compels the other person to submit by force or threat of force." O.R.C. §2907.02(A)(2). Ohio statute defines force as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." O.R.C. § 2901.01(A)(1). Ohio case law holds that, "force or threat of force can be inferred where a defendant purposely compelled the victim to submit by employing certain objective actions that can be found to have overcome the will of the victim by fear or duress." *State v. Rupp*, No. 05MA166, 2007 WL 969069, at *8 (Ohio App. Ct. Mar. 27, 2007).

Pordash specifically points to the Ohio appellate court's reliance upon *State v. Eskridge,* 526 N.E.2d 304 (Ohio 1998), in upholding his conviction. *Eskridge* holds that the perpetrator's parental relationship to the victim may be proof of force when the victim is a child because the role of parent

is an inherently authoritative one.  Pordash claims that the court, in applying  the *Eskridge* force standard, "as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established," *id.* at 306, wrongly analogized the doctor-patient relationship to a parent-child relationship and, thus, presumed that Pordash exercised inherent force over his patients.  He contends that had the appellate court applied the adult force standard, "any violence, compulsion, or constraint physically exerted by any means upon or against a person," O.R.C. 2907.01, he would have been exonerated.

It is true that Ohio infers force based upon a parent-child relationship and does not extend that inference to adult relationships  *See State v. Schaim*, 600 N.E.2d 661, 663 (Ohio 1992).  However, the record shows that the appellate court specifically differentiated the doctor-patient relationship from that of a parent and child.  *Pordash,* 2004 WL 2600461, at *3.  Moreover, there is no indication that the *Eskridge* language—"as long as it can be shown that the rape victim's will was overcome by fear or duress, the forcible element of rape can be established" *Eskridge*, 526 N.E.2d at 306—is intended to be a distinct force standard that applies only to children.

In fact, Ohio courts have repeatedly invoked this language in proving force in cases of adult rape.  For example, in *State v. Rupp*, the defendant disputed a jury instruction that invoked this language in a rape case where the twenty-three-year-old victim stated that she had submitted to her rapist out of fear of retaliation if she resisted.  2007 WL 969069, at *6.  The court stated that

> appellant's argument fails to distinguish between the finding of force or threat of force for cases of children raped by those in authority positions [*Eskridge*] . . . and the mere ability of a jury to infer a threat of force in all cases where the victim's will is overcome by fear or duress . . . if the defendant created the belief that physical force will be used in the absence of submission, then threat of force can be inferred.

> Nothing in the rape statute requires the threat of force to be direct or express. Thus, threat of force includes both explicit and implicit threats.

*Id.* The court further stated that

> moreover, other appellate cases have unhesitatingly applied the law set forth in the disputed jury instruction here [the *Eskridge* force language] to cases where there was no position of authority over a child. See, e.g., *State v. Pordash,* 9th Dist. No. 04CA8480, 2004-Ohio-6081 (dealing with chiropractor raping patients); *State v. Worrell*, 10th Dist. No. 04AP-410, 2005-Ohio-1521 (dealing with husband raping wife).

*Id.*

Moreoever, in *State v. Arias*, another case of adult rape, the court cited the *Eskridge* force language to reach its conclusion that "force may also be established by testimony that the victim's will was overcome by fear" and that the victim's "testimony regarding their fear of retaliation by defendant, if they did not engage in sexual conduct with him, is enough to establish force if believed by the trier of fact." No. 04CA008428, 2004 WL 1882631, at *7 (Ohio App. Ct. Aug. 25, 2004). Thus, it is clear that the Ohio courts have referred to the contested force language in *Eskridge* when establishing force in cases of adult rape.

Here, the appellate court merely referenced the *Eskridge* force language in its opinion, and went on clarify that each victim testified that her will was overborne by fear of retaliation based on her knowledge of Pordash's martial arts expertise. The court did not analogize the doctor-patient relationship to that of a parent and child. Therefore, the appellate court was not applying an incorrect force standard in reviewing Pordash's case. Whether or not that force was sufficient to overbear a victim's will was a matter for jury determination.

Thus, because the district court's invocation of the *Eskridge* force language was not incorrect,

no constitutional violation occurred.

IV.

Therefore, we affirm the district court's denial of habeas relief.