DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Keith Bradford has appealed from his convictions in the Summit County Court of Common Pleas of felonious assault and domestic violence. This Court affirms.
 I {¶ 2} On August 9, 2004, Appellant was indicted by the Summit County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A)(1), a second degree felony and one count of domestic violence, in violation of R.C. 2919.25(A), a third degree felony. Appellant entered pleas of not guilty to each of the counts contained in the indictment.
 {¶ 3} A jury trial commenced on October 12, 2004. The jury returned verdicts of guilty on both counts. On November 16, 2004, Appellant was sentenced to a definite term of six years incarceration for his felonious assault conviction, and a term of two years incarceration for his domestic violence conviction. The sentences were to be served concurrently for a total term of six years incarceration.
 {¶ 4} Appellant timely filed his notice of appeal, asserting three assignments of error.
 II Assignment of Error Number One
"THE APPELLANT WAS DENIED A FAIR TRIAL WHEN THE PROSECUTOR INTRODUCED PRIOR INCONSISTENT STATEMENTS OF THE WITNESS TO THE JURY IN AN ATTEMPT TO IMPEACH THE WITNESS IN VIOLATION OF THE APPELLANT'S FOURTEENTH AMENDMENT RIGHTS AS SET FORTH IN THE UNITED STATES CONSTITUTION."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred when it permitted the State to impeach its own witness with prior inconsistent statements. Specifically, Appellant has argued that the State failed to show the requisite surprise and affirmative damage mandated by Evid.R. 607. We disagree.
 {¶ 6} We begin by noting that the State called the alleged victim, Michelle P. ("Michelle") during its case in chief. The record reflects that during the course of her testimony, the State presented Michelle's prior inconsistent statements in an attempt to impeach her. The record further reflects that defense counsel did not object at trial to the State's impeachment of its own witness.
 {¶ 7} It is well established that "an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass." State v. Long (1978), 53 Ohio St.2d 91, 95.
 {¶ 8} Specifically, this Court has consistently held that "the failure to object to the admission or exclusion of evidence waives any claim of error on appeal." State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 51. Moreover, failure to object to the admission of evidence at trial waives any claim of error absent plain error. Taylor at ¶ 62.
 {¶ 9} "Where plain error is alleged, the decision of the trial court will not be reversed unless the defendant established that the outcome of the trial would clearly have been different but for the alleged error." In re J.R., 9th Dist. No. 04CA0066-M, 2005-Ohio-4090, at ¶ 27. Put another way, plain error is "error that which clearly changed the result of the trial."State v. Smith, 9th Dist. No. 04CA0042-M, 2005-Ohio-1001, at ¶ 53. We note that the Ohio Supreme Court has recognized that the plain error rule should "be invoked only in exceptional circumstances to avoid a miscarriage of justice." (Quotations omitted). State v. Wolery (1976), 46 Ohio St.2d 316, 327, certiorari denied (1976), 429 U.S. 932, 97 S. Ct. 339,50 L. Ed. 2d 301.
 {¶ 10} Although Appellant failed to raise the issue in assignment of error number one, we have reviewed the record for plain error. After a careful analysis, we have determined that Appellant has failed to show that had the trial court excluded the witness' prior inconsistent statements, the outcome of the trial would have been different. Even barring the alleged victim's inconsistent statements, the State presented sufficient expert medical testimony and circumstantial evidence to warrant the jury's finding. Therefore, this Court concludes that Appellant has not established that the alleged error "clearly changed the result of the trial." Smith at ¶ 53.
 {¶ 11} Accordingly, Appellant's first assignment of error is without merit.
 Assignment of Error Number Two
"THE CONVICTIONS OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BECAUSE THE EVIDENCE SUPPORTING THEM WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE A CONVICTION BEYOND A REASONABLE DOUBT."
 {¶ 12} In his second assignment of error, Appellant has argued that there was insufficient evidence to convict him and that his conviction was against the manifest weight of the evidence. Specifically, Appellant has argued the State failed to meet its burden in proving all the essential elements of the crimes beyond a reasonable doubt. We disagree.
 {¶ 13} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citingState v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v. Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id, at paragraph two of the syllabus; see, also,Thompkins, 78 Ohio St.3d at 386.
 {¶ 14} In State v. Roberts, this Court explained: "[S]ufficiency is required to take a case to the jury. * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. (Emphasis omitted).
 {¶ 15} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
"[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 16} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388. An appellate court must make every reasonable presumption in favor of the judgment and findings of fact of the trial court.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten,33 Ohio App.3d at 340.
 {¶ 17} Appellant was convicted of felonious assault and domestic violence. The felonious assault statute, R.C.2903.11(A)(1), states in pertinent part that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn." The domestic violence statute, R.C.2919.25(A), provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 18} With respect to both convictions, Appellant has alleged that the State failed to establish that Appellant did in fact cause harm to Michelle. The State has countered that the credible testimony of medical personnel and police officers, coupled with photographic evidence established, and the jury believed, that Appellant had assaulted Michelle. Therefore, the State argues that this Court must defer to the jury's judgment.
 {¶ 19} With respect to the felonious assault conviction, Appellant has alleged that the State failed to establish the "serious physical harm" element of the crime. The State has responded that Ohio case law has long recognized that unconsciousness constitutes "serious physical harm" under the statute. The record reflects that Michelle lost consciousness, thus enabling the jury to conclude that the "serious physical harm" element had been established.
 {¶ 20} We recognize that the parties are in dispute regarding the pertinent factual issue of whether Michelle tripped or was assaulted by Appellant. The testimony adduced at trial showed that on August 1, 2004 Michelle lost consciousness in her home and was brought to the Akron General emergency room where she was treated for a hemotoma to the forehead, bruises and abdominal pain. The record further reflects that in the course of her treatment, Michelle told emergency room employees that her boyfriend had assaulted her. The testimony of two Akron Police Department officers noted swelling and streaking red marks on Michelle's forehead consistent with the imprint of a fist. Photographic evidence of Michelle's injuries was also introduced into evidence. Furthermore, the testimony of Dr. David Peter, Michelle's attending physician, indicated that her injuries and symptoms were inconsistent with a fall from standing height.
 {¶ 21} During the course of her testimony, Michelle denied accusing Appellant of assaulting her and stated that she had tripped over a cable cord and hit her head on the counter. The testimony of Carl Massey, a neighbor of the couple, indicated that while he and the Appellant were outside having a yard sale, a disturbance occurred in the apartment, that Appellant went upstairs to check on Michelle, and that approximately three minutes later, Appellant shouted down to Carl to wait for the paramedics. The testimony of Bill Lower of the Akron Fire Department Emergency Medical Services, coupled with photographic evidence intimated that the inside of the apartment was cluttered and difficult to navigate.
 {¶ 22} After careful review of the entire record, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, this Court cannot conclude that the jury clearly lost its way when it found Appellant guilty of felonious assault and domestic violence. The jury was in the best position to evaluate the credibility of witnesses and give proper weight to their testimony. See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Appellant's conviction was not against the manifest weight because the jury chose to believe the testimony of Dr. Peter, hospital staff and several APD police officers and not that of Michelle or other witnesses. See State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4. Moreover, "in reaching its verdict, the jury is free to believe, all, part, or none of the testimony of each witness."Prince v. Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 35, citing State v. Jackson (1993), 86 Ohio App.3d 29, 33. As the factfinder, the jury was entitled to reconcile any differences and inconsistencies in the testimony and determine that the manifest weight of the evidence supported a finding of guilt. See DeHass, supra.
 {¶ 23} Based on the foregoing, this Court cannot find that Appellant's convictions were against the manifest weight of the evidence. Furthermore, as previously stated, "a determination that [a] conviction is supported by the weight of the evidence [is] also * * * dispositive of the issue of sufficiency."Roberts, supra at 4. Accordingly, having found that Appellant's convictions were not against the manifest weight of the evidence, this Court need not discuss further his challenge to the sufficiency of the evidence. Accordingly, we find that Appellant's second assignment of error is without merit.
 Assignment of Error Number Three
"DEFENSE COUNSEL'S REPEATED ACTS AND OMISSIONS DEPRIVED APPELLANT OF EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THESIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION."
 {¶ 24} In his third assignment of error, Appellant has argued that defense counsel's performance at trial was deficient to such a degree as to violate Appellant's constitutional rights. Specifically, Appellant has argued that defense counsel's failure to object, failure to request limiting instructions and tactical errors committed during questioning undermined the outcome of the case and prejudiced Appellant. We disagree.
 {¶ 25} This Court employs a two-step analysis to determine whether the right to effective counsel has been violated. SeeStrickland v. Washington (1984), 466 U.S. 668, 687.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. McCoy (Jan. 30, 2002), 9th Dist. No. 20656, 2002-Ohio-313, at *5, citing Strickland,466 U.S. at 687.
 {¶ 26} This court need not address both prongs of the Strickland test should it find that defendant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. See also State v. Bradley (1989), 42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011, 110 S. Ct. 3258,111 L.E.2d 768.
 {¶ 27} Appellant contends that defense counsel's failure to object resulted in ineffective assistance of counsel. However, this Court has consistently held that "trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." State v. Taylor,
9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. In the instant case, we view defense counsel's failure to object as a tactical decision, inasmuch that objecting would only serve to highlight negative testimony or run counter to defense counsel's theory of the case. Furthermore, Appellant has not established such failure to object was not sound trial strategy.
 {¶ 28} Appellant has also argued that defense counsel's failure to request a limiting instruction concerning the State's impeachment of its own witness equated to ineffective assistance of counsel. This argument is not well taken. This Court has held that "the decision not to request a limiting instruction is a matter of trial strategy and does not establish ineffective assistance of counsel." State v. Fields (Aug. 9, 2000), 9th Dist. No. 99CA0062, at 7.
 {¶ 29} After careful review of the record, we conclude that Appellant has failed to meet his burden of establishing lack of competent counsel and prejudice stemming from counsel's ineffectiveness. Appellant has not surmounted the presumption that defense counsel's actions might be "sound trial strategy."Strickland, 466 U.S. at 689. We find that the errors put forth by Appellant were tactical decisions within the parameters of the law. Accordingly, Appellant's third assignment of error is without merit.
 III {¶ 30} Appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. Concur.