DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Matthew J. Haught, appeals his conviction out of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of obstructing official business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. The matter proceeded to trial, and the jury found appellant guilty of both counts. The trial court sentenced appellant accordingly. Appellant timely appeals his conviction, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED IN THAT HIS APPOINTED TRIAL COUNSEL WAS INEFFECTIVE."
 {¶ 3} Appellant argues that his conviction must be overturned, because he was denied his Sixth Amendment right to the effective assistance of counsel. This Court disagrees.
 {¶ 4} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 5} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Court of Appeals of Ohio, Ninth Judicial District
 {¶ 6} This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 7} Appellant first argues that trial counsel was ineffective, because he stipulated to DNA test results on blood that the police obtained from appellant's shirt and hand. The DNA test results indicated the presence of the victim's blood. Appellant argues that trial counsel's stipulation precluded him from cross-examining the DNA experts as to how the blood appeared on appellant's clothing, e.g. was it splattered or clumped. He alleges that the stipulation also prevented counsel from making the point in front of the jury that the DNA experts would not know from the tests how the blood came to be on appellant. Appellant has not demonstrated how the lack of cross-examination on these issues prejudiced him, as he conceded it was the victim's blood on him.
 {¶ 8} Appellant testified that he helped the bloody victim to a porch after she fell and hit her head on a trailer in the driveway, where the incident occurred. He testified that his helpful contact with the injured victim resulted in her blood on his person. Accordingly, appellant has failed to demonstrate how trial counsel's stipulation served to ultimately prejudice his defense.
 {¶ 9} Appellant next argues that trial counsel was ineffective, because he failed to object to the admission of the victim's hospital records, which appellant asserts constituted inadmissible hearsay and "proved devastating to Haught's defense and his credibility." This Court disagrees.
 {¶ 10} "[T]his Court has consistently held that `trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel.'" State v. Bradford, 9th Dist. No. 22441,2005-Ohio-5804, at ¶ 27, quoting State v. Taylor, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 76. In this case, appellant testified that the victim had been smoking crack cocaine before she fell and hit her head, sustaining a substantial gash in her head. The victim's medical records did not indicate the presence of cocaine in the victim's system. The medical records further indicated that the victim reported to medical professionals that appellant hit her on the head with "some object." This Court finds that trial counsel's decision not to object to evidence merely because it did not comport with appellant's theory of the case was a tactical decision. Appellant has not demonstrated that trial counsel's failure to object on that basis was not sound trial strategy.
 {¶ 11} Moreover, in this case, the victim's medical records contained the following certification, sworn and subscribed by Elizabeth Gash, Director of Health Information Services for Barberton Citizens Hospital and Records Custodian of Barberton Health System, LLC:
"Pursuant to Ohio Revised Code § 2317.422 (Qualification ofnursing, rest, community alternative home and adult carefacilities records.), I hereby certify that the documents enclosed are copies of original medical records created and maintained by Barberton Citizens Hospital (`Hospital'). The original medical record was prepared in the usual course of business and is on file in the custody of the Hospital." (Emphasis sic.)
The certification further stated that the copy of records was prepared on December 16, 2004.
 {¶ 12} R.C. 2317.422(A) states, in relevant part:
"Notwithstanding sections 2317.40 and 2317.41 of the Revised Code but subject to division (B) of this section, the records, or copies of photographs of the records, of a hospital, * * *, in lieu of the testimony in open court of their custodian, person who made them, or person under whose supervision they were made, may be qualified as authentic evidence if any such person endorses thereon his verified certification identifying such records, giving the mode and time of their preparation, and stating that they were prepared in the usual course of the business of the institution."
 {¶ 13} Appellant fails to argue why the victim's medical records would not have been admissible under the statute. Accordingly, appellant has failed to demonstrate how trial counsel was deficient for failing to object to the admission of admissible evidence. Appellant's assignment of error is overruled.
 III. {¶ 14} Appellant's assignment of error is overruled. Appellant's conviction out of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant. Exceptions.
Reece, J.
Reader, J. concur
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)