[Cite as *State v. Stevenson*, 2011-Ohio-5996.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 10CA0049-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THOMAS R. STEVENSON | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 09-CR-0386 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2011

CARR, Judge.

{¶1} Appellant, Thomas Stevenson, appeals his conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Amanda Harvey was away from her trailer home when her neighbor, Jerome Cruey, called her on her cell phone to tell her that a man had entered her trailer through a window. Mr. Cruey identified Stevenson as the intruder. When Ms. Harvey returned home, she saw that her new television was wedged in the frame of one of the windows to her home. The police arrived at the scene, found Stevenson, and arrested him. Stevenson was indicted on one count of burglary. A jury found him guilty of the charge. The trial court sentenced him to four years in prison. Stevenson filed a timely appeal, raising two assignments of error for review.

II.

## ASSIGNMENT OF ERROR I

"APPELLANT'S CONVICTION FOR BURGLARY MUST BE REVERSED DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL. COUNSEL'S INEFFECTIVENESS DEPRIVED APPELLANT OF A FAIR TRIAL."

{¶3} Stevenson argues that trial counsel was ineffective for failing to object to numerous hearsay statements, failing to effectively cross-examine the eye witness to the crime, failing to exploit major discrepancies in the witnesses' testimony, and failing to present testimony on behalf of his client "to corroborate [] Stevenson's testimony." The argument is not well taken.

{¶4} To establish the existence of ineffective assistance of counsel, Stevenson must satisfy a two-pronged test:

"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *State v. Hoehn*, 9th Dist. No. 03CA0076-M, 2004-Ohio-1419, at ¶43, quoting *Strickland v. Washington* (1984), 466 U.S. 668, 687.

{¶5} Stevenson bears the burden of proving that counsel's assistance was ineffective. *Hoehn* at ¶44; see, also, *State v. Smith* (1985), 17 Ohio St.3d 98, 100. In this regard, there is a "strong presumption [] that licensed attorneys are competent and that the challenged action is the product of a sound strategy." *State v. Watson* (July 30, 1997), 9th Dist. No. 18215. In addition, "debatable trial tactics do not give rise to a claim for ineffective assistance of counsel." *Hoehn* at ¶45; see, also, *State v. Clayton* (1980), 62 Ohio St.2d 45, 49. Even if this Court questions trial

counsel's strategic decisions, we must defer to his judgment. Id. The Ohio Supreme Court has stated:

> "'We deem it misleading to decide an issue of competency by using, as a measuring rod, only those criteria defined as the best of available practices in the defense field.' *** Counsel chose a strategy that proved ineffective, but the fact that there was another and better strategy available does not amount to a breach of an essential duty to his client." Id., quoting *State v. Lytle* (1976), 48 Ohio St.2d 391, 396.

Hearsay statements

{¶6}    Stevenson argues that trial counsel was ineffective for failing to object to the admission of certain hearsay statements, specifically, the victim's testimony regarding what an eye witness reported to her, that the police told her they had apprehended the suspect, and whether the eye witness recognized Stevenson in the police cruiser after his apprehension.

{¶7}    "[T]his Court has consistently held that 'trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel.'" *State v. Bradford*, 9th Dist. No. 22441, 2005-Ohio-5804, at ¶27, quoting *State v. Taylor*, 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶76. In this case, defense counsel's failure to object was a tactical decision. Further, Stevenson has not demonstrated that such failure to object was not sound trial strategy.

Cross-examination of eye witness

{¶8}    Stevenson argues that trial counsel was ineffective for failing to effectively cross-examine the eye witness to the crime. He complains that trial counsel merely asked three questions of the eye witness, Jerome Cruey, questioning whether Mr. Cruey had seen and admired the victim's new television. Again, defense counsel's cross-examination fell within the realm of trial tactics which will not give rise to a claim for ineffective assistance.

{¶9}   In his opening statement, defense counsel clearly set forth his theory of the defense, specifically, that Mr. Cruey was the one who broke into the victim's trailer and then blamed Stevenson for his own botched attempt to steal the television.   Trial counsel's cross-examination of Mr. Cruey supported his theory of the defense.   That the trier of fact did not accept that theory after hearing the evidence and considering the credibility of the witnesses does not render defense counsel's performance deficient.

Discrepancies in witnesses' testimony

{¶10} Stevenson argues that trial counsel was ineffective for failing to exploit discrepancies in the testimony of the various witnesses.   He first argues that trial counsel failed to exploit Mr. Cruey's purported internally inconsistent testimony that Stevenson ran out of the mobile home and that he did not see Stevenson leave the mobile home.   Mr. Cruey's testimony was not inconsistent.   He testified that, as Stevenson tried to push the television out a window, he (Mr. Cruey) walked away from the trailer to call the victim to alert her to the situation at her home.   Mr. Cruey then testified that, when he returned, Stevenson had "vanished" from inside the trailer although he did not see him exit.   As this testimony was clear, there were no inconsistencies for defense counsel to "exploit."

{¶11}  Stevenson next argues that trial counsel failed to exploit discrepancies between the testimony of Mr. Cruey and that of the victim, Amanda Harvey, and between Officer Bammerlin and Ms. Harvey.   Deciding to allow the jury to determine the credibility of the witnesses in the face of testimonial inconsistencies, rather than giving the witnesses the ability to explain away any inconsistencies, amounts to a tactical decision and does not rise to the level of deficient performance.

Corroborating testimony

{¶12}  Finally, Stevenson argues that trial counsel was ineffective for failing to present the testimony of witnesses who could corroborate his own testimony regarding his whereabouts at the time of the burglary.  However, Stevenson did not testify at trial.  Moreover, Stevenson has not demonstrated that any witnesses who could have provided an alibi for him actually existed.

{¶13}  Stevenson has failed to establish that trial counsel's performance was deficient. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ABUSED ITS DISCRETION BY ALLOWING IN PREJUDICIAL 404(B) EVIDENCE AND BY ADMITTING AN IRRELEVANT PIECE OF EVIDENCE WHOSE PROBATIVE VALUE WAS OUTWEIGHED BY ITS PREJUDICIAL EFFECT.  THE ADMISSION OF THIS EVIDENCE CONSTITUTED PLAIN ERROR."

{¶14}  Stevenson argues that the trial court committed plain error by admitting evidence of other crimes, wrongs, or acts in violation of Evid.R. 404(B), and by admitting other evidence which was irrelevant or whose probative value was substantially outweighed by its prejudicial effect.  This Court disagrees.

{¶15}  Stevenson did not object to the admission of either evidentiary matter.  Crim.R. 52(B) permits a court to notice plain errors or defects which affect substantial rights although they have not been brought to the attention of the court.  This Court reviews an issue for plain error in cases where the appellant has otherwise forfeited the issue on appeal by failing to raise it below at a time when the trial court had the opportunity to correct the alleged error.  *State v. Dent*, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶6.  To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings.  *State v. Tichon* (1995), 102 Ohio App.3d 758, 767.  A

reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶12. This Court may not reverse the judgment of the trial court on the basis of plain error, unless Stevenson has established that the outcome of the trial clearly would have been different but for the alleged error. *State v. Kobelka* (Nov. 7, 2001), 9th Dist. No. 01CA007808, citing *State v. Waddell* (1996), 75 Ohio St.3d 163, 166.

Admission of other crimes, wrongs, or acts

{¶16} Evid.R. 404(B) states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

{¶17} Stevenson argues that the trial court erred by admitting evidence of other wrongs or crimes when it allowed the victim to testify regarding Stevenson's "selling of stolen merchandise." Stevenson mischaracterizes the victim's testimony. Amanda Harvey testified that Stevenson, a man she had seen in the neighborhood and knew only as "Thomas," stopped by her trailer the day before the burglary. She testified that he asked her whether she would like to buy any gaming systems or video games. Ms. Harvey testified that she declined Stevenson's offer because she thought the merchandise might be stolen and she did not want to get into trouble. Ms. Harvey did not testify that Stevenson has sold stolen merchandise in the past or even that he was attempting to sell her stolen merchandise on that day. She merely noted her own apprehension about buying merchandise from someone she did not know well. Accordingly, the trial court did not admit any evidence of Stevenson's other wrongs or crimes so as to implicate Evid.R. 404(B). The trial court committed no error, let alone harmless error.

Admission of irrelevant or prejudicial evidence

{¶18} Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Evid.R. 402 provides that relevant evidence is generally admissible. Evid.R. 403 provides two exceptions to the general rule, including where exclusion of the evidence is mandatory:

> "(A) Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶19} Stevenson argues that the trial court committed plain error by admitting into evidence a cell phone found outside the victim's trailer after the burglary. He first argues that the cell phone, which did not belong to any residents in the victim's trailer but which had not been linked to any other specific person, was not relevant. Because none of the residents of the trailer were home when the television became wedged in the window, the perpetrator was necessarily not one of the residents. Although perhaps not highly probative, the cell phone was relevant to show that someone with no ties to the residence was recently on the property.

{¶20} Stevenson next unwittingly, yet necessarily, concedes that the cell phone was relevant but argues that its probative value was substantially outweighed by its prejudicial effect. See Evid.R. 403(A). The cell phone could not be tied to any specific person and, therefore, could have just as easily implicated Mr. Cruey for the crime instead of Stevenson. Accordingly, rather than unfairly prejudicing Stevenson, the admission of the unidentified phone could have reasonably bolstered Stevenson's theory of his defense that Mr. Cruey was the one who broke into Ms. Harvey's trailer and attempted to steal her television. Mr. Cruey, after all, admitted that he had a cell phone outside Ms. Harvey's trailer during the commission of the burglary. Under

the circumstances, Stevenson has failed to establish any error by the trial court in admitting the cell phone into evidence. Stevenson's second assignment of error is overruled.

### III.

{¶21} Stevenson's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS

BELFANCE, P. J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

{¶22} I concur in the judgment of the majority. With respect to the second assignment of error, I agree that any error present does not amount to plain error.

<u>APPEARANCES:</u>

DAVID C. SHELDON, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MICHAEL P. MCNAMARA, Assistant Prosecuting Attorney, for Appellee.