DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jesse Wallace, appeals from the February 3, 2006 judgment entry entered in the Lorain County Court of Common Pleas. We affirm.
 I. {¶ 2} On December 21, 2005, the Lorain County Grand Jury indicted Appellant on one count of domestic violence, in violation of R.C. 2919.25(A), a third-degree felony; and one count of abduction, in violation of R.C. 2905.02(A)(1)-(2), a third-degree felony. These charges arose from an alleged altercation between Appellant and his girlfriend.
 {¶ 3} At his arraignment, Appellant pled not guilty. The matter proceeded to a jury trial on February 1, 2006. The jury found Appellant guilty of domestic violence and abduction. The trial court sentenced Appellant to four years in prison on both counts to be served concurrently. Appellant timely appealed his conviction, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT COMMITTED PLAIN ERROR BY DISREGARDING THE STANDARD JURY INSTRUCTIONS FOR A DOMESTIC VIOLENCE ON FAMILY AND FINANCIAL RESPONSIBILITY AND ON CONSORTIUM."
 {¶ 4} In his first assignment of error, Appellant alleges that the trial court did not give the complete jury instruction for domestic violence. Appellant claims that the trial court's jury instruction regarding family or household member was incomplete as there was no instruction on the meaning of cohabiting. Appellant argues the failure to instruct the jury regarding cohabiting resulted in plain error. We disagree.
 {¶ 5} As a preliminary matter, we note that Appellant's brief concedes that he did not object to the jury instructions and thus the alleged error was not preserved for appeal. Appellant's failure to object to the jury instructions waives all challenges except plain error. State v. Skatzes, 104 Ohio St.3d 195,2004-Ohio-6391, at ¶ 52, citing State v. Underwood (1983),3 Ohio St.3d 12, syllabus.
 {¶ 6} Pursuant to Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error consists of an error that is obvious and has a substantial adverse impact upon both the integrity of, and the public's confidence in, the judicial proceedings. State v. Tichon (1995),102 Ohio App.3d 758, 767. A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. State v. Bray, 9th Dist. No. 03CA008241, 2004-Ohio-1067, at ¶ 12. This Court may not reverse the judgment of the trial court on the basis of plain error, unless Appellant has "established that the outcome of the trial clearly would have been different but for the alleged error."State v. Kobelka (Nov. 7, 2001), 9th Dist. No. 01CA007808, at *2, citing State v. Waddell (1996), 75 Ohio St.3d 163, 166.
 {¶ 7} Appellant has argued that plain error is established in the instant matter because the trial court failed to give a jury instruction on cohabiting. The Ohio Supreme Court has stated that "an erroneous jury instruction does not constitute plain error, unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Cunningham, 105 Ohio St.3d 197,2004-Ohio-7007, at ¶ 56, citing Underwood, 3 Ohio St.3d at 14. Furthermore, "[a] single instruction to a jury may not be judged in artificial isolation but must be viewed in the context of the overall charge." State v. Price (1979), 60 Ohio St.2d 136, paragraph four of the syllabus. Accordingly, we must review the record for plain error regarding jury instructions on those crimes.
 {¶ 8} The general rule requires the trial court to instruct the jury on all the elements that the prosecution must prove.State v. Adams (1980), 62 Ohio St.2d 151, 153. However, a trial court's failure "to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)." Id. at paragraph two of the syllabus. When there is an allegation of plain error due to the failure to instruct the jury, it is necessary to review the record to determine if the failure to the give the jury instruction resulted in a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
 {¶ 9} There are two essential elements of domestic violence: 1) appellant knowingly "caused or attempted to cause physical harm to the victim" and 2) "the victim was a family or household member." State v. Eberly, 3d Dist. No. 16-040-3,2004-Ohio-3026, at ¶ 8; R.C. 2919.25(A). See State v. Jenson,
11th Dist. No. 2005-L-193, 2006-Ohio-5169, at ¶ 18. Pursuant to R.C. 2919.25(F),
"(1) `Family or household member' means any of the following:
"(a) Any of the following who is residing or has resided with the offender:
"(i) A spouse, a person living as a spouse, or a former spouse of the offender;
"* * *
"(2) `Person living as a spouse' means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question."
 {¶ 10} In this case, the trial court gave the jury the above statute, almost verbatim, as the jury instruction for domestic violence. However, the trial court did not specifically instruct the jury as to the meaning of cohabiting, nor was it required. See State v. Cisternino (Mar. 30, 2001), 11th Dist. No. 99-L-137, at *8 (The trial court instructed the jury on domestic violence, "including the definitions of `family or household member' and `person living as a spouse'" by reading the language of the statute. The trial court did not specifically define cohabiting.).
 {¶ 11} The domestic violence statute, R.C. 2919.25, does not define cohabiting. Instead, the Ohio Supreme Court has defined cohabiting as parties who share familial or financial responsibilities and consortium.[1] State v. Williams
(1997), 79 Ohio St.3d 459, paragraph two of the syllabus. "The offense of domestic violence * * * arises out of therelationship of the parties rather than their exact livingcircumstances." (Emphasis added.) Id. at paragraph one of the syllabus. Even though the Ohio Supreme Court has defined cohabiting, this term is not an essential element of domestic violence. Accordingly, cohabiting is just one of the two ways in which the victim can be qualified as a "person living as a spouse." Jenson at ¶ 18.
 {¶ 12} Appellant offered no evidence to prove that the result of the trial would have been different had the trial court instructed the jury as to cohabiting. In fact, there is unrefuted testimony from the victim that Appellant was living with her because he was homeless. Additionally, the victim testified that Appellant would cook, clean, and help around the house while she was at work. Lastly, the victim testified that she and Appellant were dating and she was six months pregnant with his child. Upon a review of the record, this Court cannot conclude that the outcome of the trial would have been different had the trial court given an instruction regarding cohabiting. Accordingly, Appellant has failed to meet his burden of proof for a finding of plain error.
 {¶ 13} Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSITANCE [SIC] OF COUNSEL, AS APPELLANT'S ATTORNEY FAILED TO ISSUE SUBPOENAS TO WITNESSES MATERIAL TO THE DEFENSE, WHO WOULD HAVE PROVIDED AN ALIBI FOR DEFENDANT-APPELLANT."
 {¶ 14} In his second assignment of error, Appellant alleges his trial counsel was ineffective for failing to subpoena witnesses. Appellant contends these witnesses would have provided him with an alibi defense and the failure to subpoena these witnesses denied him of this defense. We disagree.
 {¶ 15} The Sixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. McMann v. Richardson (1970), 397 U.S. 759, 771. To prevail on a claim of ineffective assistance of counsel, Appellant must meet the two-prong test established in Stricklandv. Washington (1984), 466 U.S. 668, 687.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 16} The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy.State v. Smith (1985), 17 Ohio St.3d 98, 100. "Ultimately, the reviewing court must decide whether, in light of all the circumstances, the challenged act or omission fell outside the wide range of professionally competent assistance." State v.DeNardis (Dec. 29, 1993), 9th Dist. No. 2245, at *2, citingStrickland, 466 U.S. at 689. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 17} In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. Further, an appellate court need not analyze both prongs of the Strickland test if it finds that Appellant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10.
 {¶ 18} Although either step in the process may be dispositive, we will address the deficiency question first in this analysis, based on the particular error Appellant asserts in his second assignment of error. Appellant alleges his trial counsel was deficient for failing to subpoena witnesses who would have provided Appellant with an alibi defense. "The mere failure to subpoena witnesses is not a substantial violation of an essential duty to a client in the absence of showing that testimony of any one or more the witnesses would have assisted the defense." Middletown v. Allen (1989), 63 Ohio App.3d 443,448. However, the failure to subpoena a known alibi witness is a violation of the right to effective assistance of counsel. Id.
 {¶ 19} Appellant's brief claims that his trial counsel failed to subpoena witnesses who would have provided testimony of an alibi defense. However, the record shows that trial counsel believed the witness would testify "that he was present duringthe alleged altercation, and nothing took place." This is not an alibi witness. An alibi witness is defined as "[a] witness who testifies that the defendant was in a location other than thescene of the crime at the relevant time." (Emphasis added.) Black's Law Dictionary (8 Ed. 2004) 1633. As there was no alibi witness, there was no ineffective assistance of counsel for not issuing subpoenas. Cf. State v. Smith (1997),125 Ohio App.3d 342, 350. Additionally, Appellant was precluded from presenting an alibi defense as he did not provide seven days written notice to the prosecution of the alleged alibi defense. Crim.R. 12.1.
 {¶ 20} Thus, trial counsel's failure to subpoena these witnesses was not a substantial violation of his duty to Appellant. Appellant's charges do not overcome the presumption of competent counsel and fail to rise to the level of ineffective assistance of counsel. See Strickland, 466 U.S. at 687.
 {¶ 21} Appellant's second assignment of error is overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.
[1] "[S]hared familial or financial responsibilities might include provisions for shelter, food, clothing, utilities, and/or commingled assets. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations." Id. at 465.