[Cite as *State v. Smith*, 2013-Ohio-3868.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
         )ss:    NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE  )

STATE OF OHIO         C.A. No.  12CA0060

   Appellee

   v.            APPEAL FROM JUDGMENT
               ENTERED IN THE
CHERYL C. SMITH       WAYNE COUNTY MUNICIPAL COURT
               COUNTY OF WAYNE, OHIO
   Appellant       CASE No.  TRD-12-07-06369

DECISION AND JOURNAL ENTRY

Dated: September 9, 2013

HENSAL, Judge.

{¶1} Defendant-Appellant, Cheryl C. Smith, appeals from her conviction in the Wayne County Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} On June 29, 2012, Nicole Clegg was stopped at a red light at the intersection of Cleveland and Portage Roads in Wooster, Ohio when she was struck from behind by another vehicle. Clegg was driving a black Ford Thunderbird at the time, and she alleged that the vehicle that hit her was a blue Chevrolet Cavalier with a gray bumper. Clegg testified that she asked the female driver of the Cavalier for her contact information at least three times, which she refused to provide her. After Clegg obtained the Cavalier's license plate number from the front of the vehicle, the driver drove away. Clegg called the Wooster police and provided them with the license plate number, which was registered to a vehicle owned by Smith. The police subsequently located Smith at a business about one-quarter of a mile from the collision.

**{¶3}** Smith was cited for violations of Revised Code Section 4549.02 for failure to stop after an accident and of Wooster Codified Ordinance 333.03(a) for failure to maintain an assured clear distance. After a bench trial, she was convicted of both violations and sentenced to fines, costs, and a six-month license suspension starting on the date of her conviction. Smith filed a timely appeal and raises three assignments of error. This Court rearranges her assignments of error to facilitate our review.

II.

ASSIGNMENT OF ERROR II

THERE WAS INSUFFICIENT EVIDENCE TO CONVICT CHERYL SMITH
OF THE CRIMES ALLEGED.

**{¶4}** Smith argues in her second assignment of error that her conviction was not supported by sufficient evidence. This Court disagrees.

**{¶5}** This Court reviews a question of whether there is sufficient evidence to support a conviction de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The test for sufficiency requires a determination of whether the State has met its burden of production at trial." *State v. Collmar*, 9th Dist. Summit No. 26496, 2013-Ohio-1766, ¶ 7.

**{¶6}** Smith was convicted of violating Revised Code Section 4549.02(A), which provides that:

> In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address * * * together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator * * * of any motor vehicle damaged in the accident or collision * * *.

She was also convicted of Wooster Codified Ordinance 333.03(a), which provides that:

> No person shall operate a motor vehicle at a speed greater or less than is reasonable or proper, having due regard to the traffic * * * and any other conditions, and no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.

{¶7} The record reflects that while Smith made a motion for acquittal pursuant to Criminal Rule 29 at the close of the State's case, she failed to renew that motion at the close of her own case. Regardless, this Court will address her argument as we have previously held that failure to renew a motion for acquittal does not waive appellate review of whether the evidence was sufficient to sustain a conviction. *State v. Thornton*, 9th Dist. Summit No. 23417, 2007-Ohio-3743, ¶ 14.

{¶8} Clegg testified at trial that she was stopped at a red light when she saw a blue Chevrolet Cavalier with a gray bumper driven by a female, who she positively identified at trial as Smith, approach her vehicle from behind. As Clegg waited for the light to change, Smith collided with her, which caused an impact hard enough to move her forward in her seat so as to lock the seatbelt, cause things to fall from the seat onto the floor, and cause her back, shoulder, and neck to hurt. Clegg testified that she exited her vehicle and walked back to Smith's vehicle. Smith was talking on a cell phone, and would not acknowledge that Clegg was standing outside her door. Clegg walked back to her car to get a pen and paper and approached Smith again.

Smith denied that she hit Clegg, and refused to give Clegg her contact information. Clegg walked to the front of Smith's car to obtain her license plate number and asked Smith again for her contact information. Smith again refused. According to Clegg, she asked Smith for her information at least three times. Clegg got back in her car, called the police, and Smith drove away.

{¶9} Lieutenant Gregory Bolek testified that he responded to a call about a hit/skip accident. He met Clegg in the parking lot of a Cleveland Road business where she gave a written statement. Using the license plate number Clegg obtained, Lieutenant Bolek was able to locate Smith at a different Cleveland Road business approximately one-quarter of a mile away from the accident scene. He described Smith as cooperative although "somewhat confused about the details." Smith denied that she collided with Clegg. Lieutenant Bolek took pictures and measurements of damage on both cars. He testified that a mark in the center of Smith's front bumper resembled damage on Clegg's car. According to Lieutenant Bolek, there were horizontal striations on both vehicles that matched up. The areas of damage on both cars were approximately one and three-eighths inches wide and 21.5 inches in height from the ground. Lieutenant Bolek testified that based on his visual observations and measurements, he believed Smith hit Clegg.

{¶10} Smith argues that Clegg's testimony was inconsistent and that the marks on the vehicles were not the result of recent damage. A review of the trial transcript, however, indicates that Smith's argument is misplaced. Clegg testified that there was prior damage to her vehicle. While identifying a photograph of her rear bumper, Clegg testified as follows:

Q:      Now was that scratch on your vehicle, on June 29th, prior to driving it in this particular incident[?]

A:      No[.] [T]here was a small scratch from a garage door * * * but the scratch was not that bad and it was made worse after.

Smith's testimony clearly indicates that she believes the scratch indicated in the photograph was not there prior to the accident.

{¶11} Smith also points out certain portions of Lieutenant Bolek's testimony in which he referenced "damage [that] was older" that she contends pertains to her vehicle and supports her position that there was no new damage to Clegg's vehicle. A review of the trial testimony cited by Smith reveals that the testimony she cites refers to Clegg's vehicle and not her own. As stated above, Clegg testified to the older damage. Smith further attacks Lieutenant Bolek's failure to measure the length of the marks on each car and to position the vehicles back-to-front to line up the marks. His testimony, however, indicates that he did not line the vehicles up because "that's the reason for the measurements." Also, despite not measuring the length of each mark, Lieutenant Bolek did ascertain the width and distance from the ground of each mark, which he testified led him to believe the cars collided.

{¶12} Viewing the evidence in a light most favorable to the prosecution, this Court concludes there was sufficient evidence from which the court could have found that the State proved beyond a reasonable doubt that Smith violated both Revised Code 4549.02 and Wooster Codified Ordinance 333.03(a). The evidence offered by the State supports a conclusion that Smith was travelling too fast down Cleveland Road when she did not have enough time to stop so as to avoid a collision with Clegg's vehicle. Clegg's testimony further supports a conclusion that Smith knew about the collision and left the scene without providing her information to Clegg. Based on the foregoing, Smith's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶13} In her third assignment of error, Smith contends that her conviction was against the manifest weight of the evidence. This Court does not agree.

{¶14} To determine whether Smith's conviction was against the manifest weight of the evidence, this Court

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id*.

{¶15} Smith's testimony at trial contradicted Clegg's testimony. Smith testified that on June 29, 2012, she was driving a 1998 Chevrolet Cavalier on Cleveland Road on her way to a laundromat. According to Smith, she drove approximately 40 feet past the intersection with Portage Road when a dark SUV stopped in front of her. Smith's testimony conflicts with Clegg's, who stated that after the collision the next thing that happened is that she exited her vehicle. Smith testified that a female exited the vehicle, approached her, and said that Smith hit her car "back there." Smith denied doing so, and the female kept "screaming at [her]." Smith testified that the female never asked her for identification. Smith's husband called her cell phone

while the female was at the vehicle to see if she had reached her destination yet. Smith testified that the female left the scene first, and Smith proceeded to the laundromat.

{¶16} While at the laundromat, Smith received a call on her cell phone from a police officer, who was right outside. Smith testified that the same female who confronted her on Cleveland Road came to the laundromat, but that she arrived driving a different vehicle than the one she was driving on Cleveland Road. The female was driving a dark SUV on Cleveland Road whereas she arrived at the laundromat in a Ford Thunderbird. Smith did not have any further contact with the female while at the laundromat.

{¶17} Smith's husband also testified at trial and contradicted Lieutenant Bolek's testimony regarding the damage to his wife's vehicle. He testified that the bumper of Smith's vehicle is contoured, but that it also comes to a point. Contrary to Lieutenant Bolek's testimony, according to Mr. Smith, the mark reflected in the photograph of the Cavalier's bumper is located away from the point. Smith testified that the mark was not located at the tip of the point of the bumper, but rather the top, and is recessed one to one and one-half inches from the tip.

{¶18} Based on this Court's review of the record, we cannot conclude that the trial court lost its way when it chose to believe that Smith failed to keep an assured clear distance, struck the rear of Clegg's vehicle, and left the scene without providing her contact information. As there were no witnesses to the accident itself other than Smith and Clegg, the trial court had to weigh their conflicting testimony coupled with the also conflicting testimony about the location of the damage from Lieutenant Bolek and Mr. Smith. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts." *State v. Frazier*, 9th Dist. Summit No. 25654, 2012-Ohio-790, ¶ 56, quoting *State v. Jackson*, 86 Ohio App.3d 29, 32 (4th Dist.1993). "This Court will not overturn the trial court's verdict on a manifest weight of the

evidence challenge only because the trier of fact chose to believe certain witnesses' testimony over the testimony of others." *State v. Brown*, 9th Dist. Wayne No. 11CA0054, 2013-Ohio-2945, ¶ 42. This Court's review of the record does not suggest that this is the exceptional case where the trier of fact clearly lost its way and the evidence weighs heavily against Smith's conviction. *Otten*, 33 Ohio App.3d at 340. Accordingly, Smith's conviction was not against the manifest weight of the evidence, and her third assignment of error is overruled.

ASSIGNMENT OF ERROR I

CHERYL SMITH RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL
IN VIOLATION OF U.S. CONST. AMEND. V, VI, XIV, AND OHIO CONST.
ART. 1, SEC. 10.

**{¶19}** Smith argues in her first assignment of error that she was denied the effective assistance of counsel. This Court disagrees.

**{¶20}** In order to prove a claim of ineffective assistance of counsel, Smith must demonstrate that counsel's performance was deficient and that she was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A "deficient performance" is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, a defendant must show that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶21}  Smith contends that her counsel was ineffective when he failed to subpoena for trial her insurance company claims representative who sent her a letter stating that the insurer would not pay Clegg's claim "due to insufficient evidence that [she] was involved in an auto accident [with] her."  Smith argues that the claims representative's testimony would have refuted Lieutenant Bolek's testimony regarding the physical evidence that suggested a collision.

{¶22}  "The mere failure to subpoena witnesses is not a substantial violation of an essential duty to a client in the absence of [a] showing that [the] testimony * * * would have assisted the defense."  *State v. Wallace*, 9th Dist. Lorain No. 06CA008889, 2006-Ohio-5819, ¶ 18, quoting *Middletown v. Allen*, 63 Ohio App.3d 443, 448 (12th Dist.1989).  Smith's argument that the claims representative would have assisted her defense is based on speculation.  The letter does not reveal the scope of the insurer's investigation, why the evidence was "insufficient" to process Clegg's claim, or if the claims representative was knowledgeable in accident reconstruction.  Based on the foregoing, Smith's counsel was not ineffective for failing to subpoena the claims representative.

{¶23}  Smith also argues that her counsel was ineffective in his cross-examination of the State's witnesses.  "[D]ecisions regarding cross-examination are within trial counsel's discretion, and cannot form the basis for a claim of ineffective assistance of counsel."  *State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26.  Furthermore, a review of the record suggests that Smith's defense was based on her contention that an accident never occurred.  Counsel's cross-examination fit with the defense's theory of the case.  Accordingly, Smith's counsel did not render ineffective assistance of counsel during his cross-examination of the State's witnesses.

{¶24} Smith next maintains that her counsel was ineffective for failing to object to the admission of the State's photo that depicted up close damage to Clegg's rear bumper. She argues that the photo was blurry, which magnified the striation marks present in the photo. "This Court has consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." *State v. Guenther*, 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 74, quoting *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27. Further, Smith's argument pertains more to the weight to be given the photo rather than whether it was admissible. Assuming arguendo that counsel was deficient in failing to object to the photo, Smith has failed to demonstrate how she was prejudiced as a different photo that depicted the damage to Clegg's car was also admitted into evidence. This Court cannot say that Smith's counsel was ineffective for failing to object to the photograph.

{¶25} Finally, Smith argues that her counsel was ineffective when he failed to renew her Criminal Rule 29 motion. As this Court held in *Thornton*, 2007-Ohio-3743, failure to renew a Rule 29 motion does not preclude this Court's review of whether a conviction is supported by sufficient evidence. *Id*. at ¶ 13-14. *See also State v. Brooks*, 9th Dist. Medina No. 07CA0111-M, 2008-Ohio-3723, ¶ 43 ("[T]he failure of * * * trial counsel to renew the motion for acquittal pursuant to Crim.R. 29 did not constitute ineffective assistance of counsel.").

{¶26} Based on the foregoing, Smith has failed to demonstrate that her trial counsel rendered ineffective assistance. Her first assignment of error is overruled.

III.

{¶27} Smith's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.