[Cite as *State v. Brown*, 2016-Ohio-7537.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010805 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONNA L. BROWN | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 12CR085560 |

DECISION AND JOURNAL ENTRY

Dated: October 31, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Donna Brown, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On July 5, 2012, Brown fatally shot Dale Linder, Jr. and Justin Linder. Brown and the victims were cousins and had several altercations, some physical, in the days leading up to the shooting. The Lorain County Grand Jury issued an indictment for Brown, charging her with multiple counts of aggravated murder, aggravated burglary, and felonious assault as well as one count of tampering with evidence. Brown pleaded not guilty to the charges at arraignment and the matter proceeded to trial. A jury found Brown guilty of all counts in the indictment. Prior to the mitigation phase, the State and Brown came to an agreement to resolve the matter, whereby the parties agreed to a sentence of life in prison with parole eligibility after sixty full years of incarceration. The trial court accepted the agreement and sentenced Brown accordingly.

**{¶3}**   Brown filed this timely appeal and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

MS. BROWN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶4}**   In her only assignment of error, Brown argues her trial counsel rendered ineffective assistance of counsel.  We disagree.

**{¶5}**   In order to prevail on a claim of ineffective assistance of counsel, Brown "must establish (1) that [her] counsel's performance was deficient to the extent that 'counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment' and (2) that but for [her] counsel's deficient performance the result of the trial would have been different."  *State v. Velez*, 9th Dist. Lorain No.13CA010518, 2015-Ohio-642, ¶ 18, quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This court need not address both prongs of the *Strickland* test if it should find Brown failed to prove either prong.  *State v. Ray*, 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.  A trial counsel's performance will not be deemed ineffective unless it falls below an objective standard of reasonable representation.  *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989). at paragraph two of the syllabus.  Further, there exists a strong presumption of the adequacy of counsel's performance and that counsel's actions were sound trial tactics.  *State v. Hoehn*, 9th Dist. Medina No. 03CA0076-M, 2004-Ohio-1419, ¶ 45.  Moreover, "debatable trial tactics do not give rise to a claim of ineffective assistance of counsel."  *Id.* citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980).

**{¶6}**   To support her claim of ineffective assistance of counsel, Brown contends her trial counsel elicited testimony during cross-examination of the State's witness, Desirae Cato, which opened the door to otherwise inadmissible hearsay testimony later elicited by the

prosecution. Ms. Cato testified that at the time of the shooting, she was Justin Linder's girlfriend and had witnessed Brown fatally shoot him. During cross-examination, Brown's attorney asked several questions that led to answers which included hearsay statements made by Dale Linder, Jr. and Justin prior to the shooting.

{¶7} Generally, a trial counsel's decision to cross-examine a witness and the extent of that cross-examination are tactical matters. *State v. Likosar*, 9th Dist. Medina No. 03CA0063-M, 2004-Ohio-114, ¶ 26, citing *State v. Flors*, 38 Ohio App.3d 133, 139 (8th Dist.1987). As such, decisions regarding cross-examination are within the trial counsel's discretion and "cannot form the basis for a claim of ineffective assistance of counsel." *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 23, quoting *State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26. Furthermore, in his opening statement, defense counsel clearly set forth his theory of the case that Brown's actions lacked prior calculation and design, but that she acted in self-defense. In accordance with that theory, defense counsel's cross-examination of Ms. Cato attempted to show why Brown would fear the victims by introducing statements they had made and their respective demeanors leading up to the shooting. Additionally, defense counsel attempted to impeach Ms. Cato's testimony by showing her testimony was not consistent with what she had previously told police about what the victims had said and how they had acted leading up to the shooting. Although a debatable trial tactic, we conclude that defense counsel's strategy does not constitute a deprivation of effective counsel. *See State v. Phillips*, 74 Ohio St.3d 72, 85, (1995); *See also State v. Heer*, 10th Dist. Franklin No. 97APA12-1670, 1998 WL 655383, *8 (Sept. 24, 1998) ("The end result of tactical trial decisions need not be positive in order for counsel to be considered effective.").

**{¶8}** Brown next contends her trial counsel was ineffective when he failed to object on multiple occasions to testimony which was not admissible, was prejudicial, and for which the witness could not have had personal knowledge. "However, this Court has consistently held that 'trial counsel's failure to make objections falls within the realm of trial tactics and does not establish ineffective assistance of counsel.'" *State v. Bradford*, 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27, quoting State *v. Taylor*, 9th Dist. Lorain No. 01CA007945, 2002-Ohio-6992, ¶ 76. Furthermore, Brown does not provide any authority to support her contention that the witnesses' statements were objectionable, nor has she made an argument as to how she was prejudiced by trial counsel's failure to object; we decline to do so on her behalf. *Velez*, 2015-Ohio-642 at ¶ 18; *See* App.R. 16(A)(7).

**{¶9}** Brown then contends that her trial counsel was ineffective when he stated during closing arguments that the prosecution had "proved each and every element of the crime of tampering with evidence." However, a concession of guilt during closing argument can fall under the purview of trial tactics. *See State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, ¶ 60 (concluding trial counsel's tactical decision to concede guilt on kidnapping charge maintained defense credibility and allowed defense to focus jury's attention on argument that defendant was guilty of murder rather than aggravated murder); *see also State v. Scott*, 101 Ohio St.3d 31, 2004-Ohio-10, ¶ 57 (concluding that concessions of guilt are not per se ineffective and must be analyzed under *Strickland* for deficiency and prejudice). In this case, trial counsel's tactical decision to concede Brown's guilt on the charge of tampering with evidence attempted to maintain credibility with the jury and focus their attention on the defense's theory of the case that Brown did not act with prior calculation and design, but in self-defense. Therefore, we determine that trial counsel's performance was not deficient.

{¶10} Additionally, Brown again fails to state how she was prejudiced by trial counsel's concession and states only that "[r]egardless of whether that statement is true, drawing attention to the guilt of Ms. Brown as to one of the charges surely did not help her cause." However, Brown admitted that after she left the scene of the crime, she disposed of the gun by throwing it over a bridge. As the gun was never recovered, Brown impaired the prosecution's ability to present the gun as evidence or test the gun for any additional evidence. Therefore, based upon Brown's own admission, she cannot show she was prejudiced by trial counsel's tactical decision during closing arguments to admit Brown's guilt to tampering with evidence.

{¶11} Finally, Brown contends her trial counsel was ineffective due to his failure to obtain a self-defense instruction and that she was prejudiced because not obtaining such an instruction left little for the jury to deliberate upon. In support, Brown argues that trial counsel failed to cross-examine one of the first police officers to respond to the scene and failed to make an adequate argument supporting a self-defense claim. As an affirmative defense, a claim of self-defense places both the burden of going forward and the burden of proof by a preponderance of the evidence on the defendant. R.C. 2901.05(A); *State v. Martin*, 21 Ohio St.3d 91 (1986), syllabus. A trial court need not instruct a jury on self-defense if the defendant has not introduced "sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue." *State v. Melchior*, 56 Ohio St.2d 15 (1978), paragraph one of the syllabus. The Ohio Supreme Court has held:

> To establish self-defense, the following elements must be shown (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger.

*State v. Robbins*, 58 Ohio St.2d 74 (1979), paragraph two of the syllabus.

{¶12}  With regard to the failure to cross examine the officer, Brown argues that as a first responder to the shooting, the officer would have been able to testify as to the location of Justin Linder's body.  Brown contends that if he testified that Justin's body was closer to the porch, it would have helped support a self-defense claim.  Specifically, it would support the defense's theory that Brown only fired her own gun after Justin first pointed a gun at her.  However, as stated above, a trial counsel's decision to cross-examine a witness is a tactical matter and cannot form the basis for a claim of ineffective assistance of counsel.  *Smith*, 2013-Ohio-3868 at ¶ 23. Furthermore, trial counsel had previously cross-examined the State's eye-witness with regard to how far Justin ran into the neighbor's yard and how far he had come back before Brown fatally shot him.  The State had established through its witness that Justin did not possess a weapon at the time Brown shot him. Thus, Brown was not prejudiced since the information that may have been presented from cross-examining the officer was speculative and had already been presented to the jury.

{¶13}  In this case, after all the evidence had been presented, the trial court determined that a reasonable juror would not be able to find by a preponderance of the evidence that the first and third prongs of the self-defense standard had been met.  The trial court thus declined to give the jury an instruction on self-defense.  Brown argues that trial counsel was ineffective because he failed to obtain a self-defense jury instruction by not arguing the victims were at fault for creating the situation and by not illustrating how it was impossible for Brown to retreat once inside the victims' home.  Brown suggests she was prejudiced by trial counsel's failure to rebut the trial judge's determination that Brown failed to provide sufficient evidence to raise a question in the mind of a reasonable juror concerning the existence of self-defense.  *See Melchior*, 56 Ohio St.2d at paragraph one of the syllabus.

**{¶14}** However, Brown has failed to demonstrate a reasonable probability that the trial judge would have reconsidered his position that the evidence presented had "utterly" failed to show Brown was not at fault for creating the affray or that she did not violate a duty to retreat. All of the evidence presented at trial was before the trial judge when he declined to include a jury instruction on self-defense. Further, contrary to Brown's contention that trial counsel did not argue the victims were responsible for creating the situation, he did provide the trial court with case law which, in his words, showed that a defendant "can be partially involved in creating a situation and still have a jury instruction on self-defense." *See State v. Gillespie*, 172 Ohio App.3d 304, 2007-Ohio-3439, ¶ 19 (2d Dist.) (concluding the trial court abused its discretion when it refused to give a self-defense instruction since defendant's conduct, as described by defendant, did not rise to a level of wrongdoing such that reasonable persons could not doubt the defendant's criminal liability). The trial court did not find this argument persuasive and distinguished that case from the present matter. Although evidence was presented suggesting Brown had reason to fear the victims, she testified she was alone and in no danger for at least forty minutes before leaving a friend's apartment, retrieving her gun from her car, climbing over a fence between her mother's home and the victims' home, and entering the victims' home through the back door with a gun in her hand. Additionally, Brown's contention that trial counsel should have made an argument illustrating she could not retreat would likely not have been well-taken by the trial court as it was not supported by the evidence. Thus, upon review we cannot say that Brown was prejudiced by trial counsel's failure to rebut the trial court's determination with additional arguments.

**{¶15}** Accordingly, Brown's sole assignment of error is overruled.

III.

**{¶16}** Brown's assignment of error is overruled. The Judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment Affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

———————————————————
JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN D. MIZANIN, JR., Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA GUERRIERI, Assistant Prosecuting Attorney, for Appellee.